

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
(White Plains Division)

**Keaunga Glover,**
Plaintiff

v.

**New York City Department of Corrections,**
Defendant

**COMPLAINT FOR VIOLATIONS OF THE FAMILY AND MEDICAL LEAVE ACT (FMLA)**

## INTRODUCTION

1. This is an action for violations of the Family and Medical Leave Act of 1993 (29 U.S.C. § 2601 et seq.), specifically for **retaliation** under **29 U.S.C. § 2615(a)(2)** and **interference** with FMLA rights under **29 C.F.R. § 825.220**.
2. Plaintiff, Keaunga Glover, exercised their rights under the FMLA to care for their child, who has a documented medical condition. In retaliation, Defendant New York City Department of Corrections issued disciplinary action and subsequently transferred Plaintiff to a different position, negatively impacting their career and working conditions.
3. Plaintiff seeks all available legal and equitable relief, including reinstatement, back pay, front pay, liquidated damages, attorneys' fees, and any other relief deemed appropriate by the Court.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under **28 U.S.C. § 1331**, as this matter arises under the Family and Medical Leave Act (29 U.S.C. § 2601 et seq.).
5. Venue is proper in this judicial district under **28 U.S.C. § 1391**, as the events giving rise to this action occurred within the **Southern District of New York** and Plaintiff was employed in **New York City**.

## PARTIES

6. Plaintiff, Keaunga Glover, is an employee of the New York City Department of Corrections and at all relevant times was eligible for FMLA leave.
7. Defendant, New York City Department of Corrections, is an employer as defined under **29 U.S.C. § 2611(4)(A)** and is subject to the requirements of the FMLA.

## FACTUAL ALLEGATIONS

8. Plaintiff has been employed by Defendant since June 26, 2006, and worked in the capacity of Correction Officer Investigator.
9. Plaintiff is the parent of a child with a documented medical condition and was approved for **intermittent FMLA leave** to provide necessary care.
10. On or about **February 6, 2023**, Plaintiff used FMLA leave to take their child to a medical appointment after their pre-arranged transportation fell through.
11. Plaintiff returned to work the following day and was **issued a write-up for "unauthorized leave"**, despite being on approved FMLA leave.
12. Shortly after Plaintiff reported this retaliation to internal EEO authorities, they were **abruptly transferred** from their investigative role to a standard correction officer position on or about **February 13, 2023**.
13. Defendant falsely claimed that Plaintiff's transfer was due to a failure to provide timely notice of an EEO meeting. However, the required notice had been given, and personnel management had been informed in accordance with policy.
14. Plaintiff filed a grievance with the Investigation Division head, which was denied on **September 1, 2023**, with **no legitimate, non-retaliatory reason** given for the transfer.
15. Plaintiff escalated the issue to the Commissioner of Labor Relations, but the appeal has been delayed indefinitely, with Defendant citing a backlog without providing supporting documentation.
16. Defendant's actions have caused **loss of career advancement opportunities, financial harm, emotional distress, and reputational damage** to Plaintiff.

## CLAIMS FOR RELIEF

### COUNT I – RETALIATION UNDER THE FMLA (29 U.S.C. § 2615(a)(2))

17. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.
18. Under **29 U.S.C. § 2615(a)(2)**, it is **unlawful for an employer to retaliate against an employee for exercising FMLA rights**.
19. Defendant retaliated against Plaintiff by:

- Issuing disciplinary action for using FMLA leave.
- Transferring Plaintiff to a less favorable position shortly after reporting FMLA retaliation.
- Providing **pretextual reasons** for Plaintiff's transfer and delaying their appeal process.

20. As a result of Defendant's **retaliation**, Plaintiff suffered economic and professional harm, including lost opportunities for career advancement and financial losses.
21. Defendant's actions were **willful**, entitling Plaintiff to **liquidated damages** under **29 U.S.C. § 2617(a)(1)(A)(iii)**.

---

### COUNT II – INTERFERENCE WITH FMLA RIGHTS (29 C.F.R. § 825.220(b) & (c))

22. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.
23. Under **29 C.F.R. § 825.220(b)**, an employer **may not interfere with, restrain, or deny** an employee's FMLA rights.
24. Under **29 C.F.R. § 825.220(c)**, an employer **is prohibited from using FMLA leave as a negative factor in employment decisions, such as disciplinary actions, transfers, or promotions**.
25. Defendant interfered with Plaintiff's FMLA rights by:

- Penalizing Plaintiff for using approved FMLA leave.
- Discouraging Plaintiff from taking FMLA leave through retaliatory disciplinary action.
- Transferring Plaintiff in retaliation for using FMLA leave and reporting retaliation.

26. As a direct and proximate result of Defendant's **interference**, Plaintiff has suffered lost wages, professional setbacks, and emotional distress.

---

### RELIEF REQUESTED

WHEREFORE, Plaintiff requests that this Court grant the following relief:

**A. Reinstatement** to Plaintiff's original position or a comparable role.
**B. Back pay** and **front pay** for lost wages and benefits.
**C. Liquidated damages** for willful violations of the FMLA.
**D. Compensatory damages** for emotional distress.
**E. Attorneys' fees and costs** under **29 U.S.C. § 2617(a)(3)**.
**\*\*F.** Any other relief this Court deems just and proper.

---

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

**Keaunga Glover**
79 Alexander Street
914-525-9611
Akibula1@yahoo.com

---