StaggWabnik
LAW GROUP

David R. Ehrlich
*Partner*

Direct 516.812.4518
Fax: 516.812.4604

dehrlich@staggwabnik.com

staggwabnik.com

401 Franklin Avenue, Suite 300, Garden City, NY 11530
T 516.812.4550

331 Newman Springs Road, Building 1, 4th Floor, Suite 143, Red Bank, NJ 07701| T 732.784.1586
1111 Summer Street, 5th Floor, Stamford, CT 06905| T 203.967.4000

February 6, 2026

**VIA ECF**
Honorable Kenneth M. Karas
United States District Court
United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

Re: Glover v. City of New York
Case No.: 25 cv 01174

Dear Justice Karas:

We represent Plaintiff Keaunga Glover ("Ms. Glover") in the above-referenced matter, and write, pursuant to the Court's Rules, to request a pre-motion conference to receive permission to file a motion for leave to file an amended complaint, and to have the attached Proposed Amended Complaint be deemed filed as of February 6, 2026, *nunc pro tunc*. The Proposed Amended Complaint, with changes and additions highlighted in red, is attached to this letter as Exhibit A.

Plaintiff has worked for the City of New York, Department of Correction ("DOC") since June 2006. She was a member of the Investigations Unit at DOC—an elite unit. During the relevant period of time, her daughter had a serious health condition, *i.e.*, she suffered from a brain tumor, the effects of the brain tumor and the effects of the surgery performed to remove the brain tumor. Plaintiff applied for intermittent leave under the Family and Medical Leave Act ("FMLA"), and such intermittent leave was approved from August 24, 2022 through February 24, 2023.

On February 6, 2023, Plaintiff was scheduled to work overtime and arranged for a family member to take her daughter to her late afternoon/early evening doctor appointment—the neurosurgeon treating the brain tumor and post-surgery issues. However, the arrangements fell through in the middle of that day, and Plaintiff informed her supervisors that she had to take her daughter to the doctor appointment and would not be able to work overtime. She was told not to worry about it and to care for her daughter.

However, the next day, when Plaintiff reported to work, she received a discipline note for leaving work without authorization. Plaintiff was upset that she received this note given that she was approved for intermittent FMLA leave and informed her supervisors of the exigent circumstances from the previous day. Plaintiff filed a complaint with the DOC EEO office. A meeting was scheduled for the next day, February 8, 2023, and Plaintiff also had to use her intermittent leave to take her daughter back to the neurosurgeon. Plaintiff informed her supervisors about the need for personal time to attend the EEO meeting and the intermittent leave related to her daughter.

Two days later, Defendant transferred Plaintiff out of the investigation unit and assigned her to a position as a traditional jail correction officer. Also, knowing that Plaintiff had to care for her daughter before school based on her disabilities, Defendant changed her shift from 8 a.m. to 4 p.m. (which allowed her to care for her daughter before work) to 6:00 a.m. to 2 p.m. (which did not allow Plaintiff to care for her daughter prior to work). Plaintiff fought to get back to the investigation unit and to change her shift to no avail—Defendant seemed to always have an excuse not to remedy the situation.

On February 10, 2025, Plaintiff, pro se, filed a complaint alleging claims for FMLA retaliation and FMLA interference. She alleged that Defendant disciplined her, transferred her out of the investigation unit and refused to remedy the shift situation because she exercised her rights under the FMLA and in retaliation for submitting a complaint to EEO about Defendant violating her rights.

Plaintiff later hired the undersigned to represent her. With this motion, Plaintiff seeks leave to amend the Complaint to fully describe the facts supporting the FMLA violations and to add two additional claims: violation of section 8-107 of the New York City Administrative Code for discrimination against a caregiver, and violation of section 296 of the New York Executive Law for discrimination based on familial status. The facts alleged in support of the interference and retaliation claims under the FMLA also support claims under the theories of caregiver and familial status discrimination, as Plaintiff alleges she was disciplined and transferred because she is a single mother who had to care for her daughter with a serious medical condition.

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, the Court should freely give leave to amend the complaint when justice so requires. *See Adams v. 796-798 Ninth Successor LLC,* 2025 U.S. Dist. Lexis 149695 *1-2 (S.D.N.Y. Aug. 4, 2025). Leave to amend should be freely given absent undue delay, bad faith or dilatory motives by movant, or undue prejudice against the opposing party. *Id.*

Here, Plaintiff proceeded *pro se* when she initially commenced the action and should be able to make technical "fixes" and improve the pleading now that she has obtained counsel. Also, the new claims asserted by Plaintiff in the Proposed Amended Complaint are all based on the same core facts that were alleged in the original complaint, and assuming the Court grants the motion

deeming the Amended Complaint filed on February 6, 2026 *nunc pro tunc*, they would be timely. Further, the parties have not engaged in any formal discovery. Accordingly, there is no undue prejudice or surprise against the City by allowing Plaintiff leave to file the Proposed Amended Complaint, and Plaintiff has not engaged in undue delay or dilatory tactics. As such, Plaintiff respectfully requests that she be permitted to file the motion for leave to amend the complaint and that such motion should be granted. *See id.* at *2-3; *see also Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo, LLC,* 797 F.3d 160, 190 (2d Cir. 2015).

The parties have been engaged in settlement discussions and have conducted settlement conferences before Magistrate Judge McCarthy over the last several months. These discussions and conferences are continuing, as there is another settlement conference scheduled on February 25, 2026. Plaintiff hoped to avoid making this application, but due to the date and statute of limitations issues related to the New York City Administrative Code and New York Executive Law claims, she had no choice but to make this application today.

Thank you for your consideration of this request.

This letter does stop the Statute of Limitations clock. Defendant is to respond to this letter by 2/11/26.

So Ordered.

2/6/26

Respectfully submitted,

David R. Ehrlich

DRE\sh
cc: Counsel of Record via ECF